United States Courts Southern
District of Texas
FILED

*October 5, 2022*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CHARLES EDWARD BONNER,
PLAINTIFF
VS                                                    Case No._____
AYANAL BATISTE, PAROLE OFFICER ,
AND THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE PAROLE DIVISION,ET AL,
DEFENDANT (S)

PLAINTIFF'S ORIGINAL CIVIL COMPLAINT

JURISDICTION

This is a civil action authorized by 42 U S C Section 1983 to redress the deprivations ,under color of state law,of rights secured by the U.S. Constitutional 1st, 4th, 8th and 14th Amendments. This Court has jurisdiction under 23 U S C, Section 1343. Plaintiff seeks compensatory and punitive damages,injunctive relief and a trial by jury.

VENUE

Due to the concerted acts of the defendants rertaliation,as an advocate for their employer, "defendant Bryan Collier in a suit pending in this court,titled  Bonner V Gayle No. H-21-3855," Houston,Texas in the County of Harris is the appropriate venue under 28 U S C ,Section 1391

PLAINTIFF

Plaintiff Charles Edward Bonner is,and at all relevant times to this suit, a U.S. citizen residing at 1405 Kathy Street,Rosharon,Texas 77583.

DEFENDANTS

Defendant Batiste were at all relevant times to this suit,employed as a Texas Parole officer for the Texas Parole Board at 1212 North Velasco Street ,Angleton,Texas 77515 in Brazoria County, and the Defendant Texas Parole Board is located at  P.O. Box 13401 Capitol Station,Austin Texas 78711.
The defendants are being sued in their official,individual and personal capacity.

FACTS

Plaintiff maintain and aver under penalty of perjury that
(1) while plaintiff's cell phone was on speaker in the presence of his wife / witness,
(2) the A.T.and T phone records Department reflect that on January 11,2022,
(3) Plaintiff recieved 2 phone calls from his then Angleton, Texas Parole Officer Ibrahim Lebbe

1

from Parole cell phone #979-215-2229 to Plaintiff's cell /smart phone #832-998-2326 , at approximately  1213 pm and again at 213 pm. The gist of Mr Lebbe's 1213 phone conversation with Plaintiff was to advise the Plaintiff
(4) that the parole board was placing Plaintiff on the 6 Month reporting status instead of the present 1 Month reporting status and
(5) the 213 pm call was that Mr Lebbe would notify plaintiff at a later date of plaintiff's new date to report " specifically because plaintiff was then required to report on March 4,2022",and that this plan had been recorded in Plaintiff's parole record # 560458.


   Prior to March 4,2022,no notice was ever served to plaintiff that Mr Lebbe was no longer plaintiff's parole officer or of any changes made to the purported 6  Month reporting plan ,rather,a parole officer unknown to plaintiff at the time, Ayanal Batiste had been appointed as plaintiff's new Parole officer. Whereas,on March 4,2022 defendant Batiste placed a letter on Plaintiff's door with  "a specific no exception threat"  to the exact fact that  ;

...if plaintiff failed to obey her written instructions to report 3 days later on march 7,2022  could result in a parole warrant request,no exceptions... id @ attached exhibit # 1.

   Plaintiff reported to defendant Batiste on March 7,2022 as demanded in exhibit # 1,only to discover that  defendant Batiste was acting in concert  with the parole board Director and the defendant parole board,who makes and enforce the rules , to change the 6 month plan offered plaintiff, to imposed more excessive punitive conditions upon Plaintiff by changing  the promised 6 month reporting status, that was allegedly recorded by Mr Lebbe, to an every 2 Month report status without giving any reasons as to why more punitive sanctions were added "without plaintiff violating any rules of the parole board".id @ Exhibit #2 (3 pages).

   Such threats and reneging of the 6 Month promise without any basis or reasdons why the upgrade in punitive sanctions originally promised by Mr Lebbe,was mentally disturbing in that plaintiff was made the promise by Mr Lebbe per-se on A.T.and T phone records "which can and will be reduced to verbal conversation by A.T.and T" in that plaintiff is entitled to these records as a matter of law to prove his claims ".
Moerover,plaintiff's lifetime home residence has always been Fort Bend County,Texas ,where the plaintiff is a member of The Mount PLeasant Baptist Church in Sugarland,Texas (id by calling Pastor Benny C.Thomas @ 832-640-2961). However,due to dendants  above described acts and omissions,such rule and order restricting the Plaintiff to reside and travel solely in Brazoria County,Texas,the plaintiff is being prohibited his 1st. Amendment right to exercise his freedom of religion with his Church of choice in Sugarland,Texas as well as impeded plaintiff in visiting his children,grandkids,friends and other elder family members in neighboring Fort Bend County who is unable to travel.
In addition,such restriction to Brazoria County,Texas alone, deprives Plaintiff of his "free VA

2

Hospial medical treatment that is located in neighboring Fort Bend County/Richmond Texas 77469", wherein Plaintiff's primary medical doctors has agreed to affirm these facts . id @ VA Hospital,  Dr. Kiranmaye BaLapala,MD, and DR.Melvin Matthew,MD @ 832-595-7700.

(Claims)

The abovecited concerted acts and omissions of the defendants,, abritrarily imposed more punitive conditions upon plaintiff which  deprived plaintiff of religious beliefs,financial hardships by reason of multiple frequent trips made to report to the defendants ,such concerted acts and omissions of the defendants were actions against plaintiff in retaliation to punish plaintiff for exercising his 1st Amendment right to file his suit against defendant Collier in Bonner V Gayle Cause No.H-21-3855.Such concerted acts and omissions of the defendants, have deprived plaintiff of his 1st. Amendment right , subjected plaintiff to the unwarranted punishment under the 8th Amendment without any due process of law.        The defendants in this suit are sued in  their,official, individual ,and personal capacity.

The defendants singled plaintiff out for invidious discriminotary treatment,in violation of the 14th Amendment to the U.S.Constitution,subjected plaintiff to mental and emotional stress, financial loss and suffering,humiliation,frustration,and anguish by acting with the specific intent to retaliate against plaintiff to punish plaintiff for exercising his 1st Amendment right against their employer,defendant / Parole Board Director  Bryan Collier  in Bonner V.Gayle  N.. H-21-3855 pending in this Court. The Defendant and any and all conspiritors,has acted with reckless disregard and deliberate indifference for plaintiff rights,and knew or reasonable should have known that the acts taken with respect to plaintiff constituted violation of plaintiff's Constitutional rights without due process of law.

(Relief)

   Grant plaintiff compensatory damages against both defendant Batiste and the Texas Department Of Paroles, in the same amount for each defendant, of 4 Million dollars ccompensatory damages,and for punitive damages in the amount of 4 Million dollars,injunctive relief and a trial by jury.

*Charles Edward Bonner*

Charles Edward Bonner
1405 Kathy Street
Rosharon,Texas 77583

3

CHARLES BONNER
1405 KATHY ST,
ROSHARON, TX 77583

7020 1290 0001 4181 9548

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 1290 0001 4181 9548




1000

77002

U.S. POSTAGE PAID
FCM LETTER
FRESNO, TX
77545
MAR 17, 22
AMOUNT

**$4.53**

R2304M115752-04

United States Courts
Southern District of Texas
FILED

MAR 21 2022

Nathan Ochsner, Clerk of Court

CLERK, U.S, DISTRICT COU
SOUTHERN DISTRICT OF TE
515 RUSK STREET
HOUSTON, TEXAS 7700

77002-262398