United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Charles Bonner, *Plaintiff*, | § § § | |
| v. | § § | Civil Action H-22-3502 |
| Ayanal Batiste, et al., *Defendants*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Texas Board of Pardons and Paroles' (TBPP) Motion to Dismiss. ECF No. 8. This 42 U.S.C. § 1983 case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 17. Having considered the motion and applicable law, the court recommends that the motion be **GRANTED**.

This case arises from modifications to Bonner's conditions of parole. ECF No. 1 at 2–3. The caption of Bonner's original complaint lists Ayanal Batiste, who was Bonner's parole officer, and the Texas Department of Criminal Justice Parole Division as defendants. *Id.* at 1. Bonner's complaint also names the "Texas Parole Board" as a defendant. *Id.*

The TBPP has moved for dismissal based on insufficient service of process, Eleventh Amendment sovereign immunity, and failure to state a claim upon which relief can be granted. ECF No. 8 at 1–2 (citing Federal Rule of Civil Procedure 12(b)(1), (5)–(6)). Because "Eleventh Amendment immunity is a jurisdictional matter[,]" the court must address that issue first. *Gruver v. La. Bd. of Supervisors for the La. State Univ. Agric. & Mech. Coll.*, 959 F.3d 178, 187 n.3 (5th Cir. 2020) (citing *Watson v. Texas*, 261 F.3d 436, 440 n.5 (5th Cir. 2001) (stating that "Eleventh Amendment

immunity is jurisdictional in character.")). Bonner did not respond to the motion to dismiss. In the Southern District of Texas, a failure to timely respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4.

Absent consent to suit, waiver of immunity by the state, or congressional abrogation of sovereign immunity, the "Eleventh Amendment bars federal lawsuits by a U.S. citizen against a state or against a state agency or department." *Fortenberry v. Bd. of Pardons and Parole*, Civil Action No. 7:15-cv-167-O, 2018 WL 9739270, at *1 (N.D. Tex. Sep. 28, 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988)); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. Const. amend. XI). "Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred . . . can be dismissed only under [Federal Rule of Civil Procedure] 12(b)(1) and [without] prejudice." *Duhon v. Healthcare Professionals' Found. of La.*, No. 20-2022, 2022 WL 317302, at *4 (E.D. La. Feb. 2, 2022) (quoting *Warnock v. Pecos Cnty*, 88 F.3d 341, 343 (5th Cir. 1996)).

"As a division of the Texas Department of Criminal Justice, the [Texas] Board of Pardons and Paroles is a state agency." *Fortenberry*, 2018 WL 9739270, at *1 (citing *Alberti v. Sheriff of Harris County, Tex.*, 937 F.2d 984, 1003 (5th Cir. 1991); Tex. Gov't Code Ann. §§ 493.002(a)(3), 493.005.)). Texas did not waive its Eleventh Amendment immunity with respect to suits against the Department of Criminal Justice. *See id.* (citing Tex. Gov't Code Ann. § 492.010). Congress did not abrogate Eleventh Amendment immunity when it enacted section 1983, the statute under which Bonner brings suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Texas Board of Pardons and Paroles and the

Texas Department of Criminal Justice are not amenable to suit. *Fortenberry*, 2018 WL 9739270, at *1.

Bonner has failed to respond to the motion to dismiss and has not pointed to evidence of a waiver of immunity or consent to suit. Accordingly, Bonner may not pursue his claims in federal court against TBPP or the Texas Department of Criminal Justice Parole Division.

For the foregoing reasons, the court recommends that all claims against TBPP and the Texas Department of Criminal Justice Parole Division be **DISMISSED WITHOUT PREJUDICE** in accordance with Federal Rule of Civil Procedure 12(b)(1).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 14, 2023.

Peter Bray
United States Magistrate Judge