United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Charles Bonner, *Plaintiff*, | § § § § | |
| v. | § § | Civil Action H-22-3502 |
| Ayanal Batiste, et al., *Defendants*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

This 42 U.S.C. § 1983 case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 17. Because Charles Bonner has failed to prosecute this action against Defendant Ayanal Batiste, the court recommends that all claims against Batiste be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

## *1. Background*

This case arises from modifications to Bonner's conditions of parole. ECF No. 1 at 2–3. The caption of Bonner's original complaint lists Ayanal Batiste, who was Bonner's parole officer, and the Texas Department of Criminal Justice Parole Division as defendants. *Id.* at 1. Bonner's complaint also names the "Texas Parole Board"[1] as a defendant. *Id.*

The court granted Bonner's application to proceed in forma pauperis and ordered the U.S. Marshal to serve the summons and complaint. *See Bonner v. Batiste*, 4:22-mc-525, ECF No. 6, (S.D. Tex. Oct. 5, 2022). On November 2, 2022, a deputy U.S. Marshal attempted to serve Batiste at 1212 North Velasco Street in

---

[1] This defendant's proper name is the Texas Board of Pardons and Paroles. ECF No. 8.

Angleton, Texas, which was the address Bonner provided in his Complaint. ECF Nos. 1, 4. The "remarks" section of the return of service (Form USM-285) states that the deputy attempted to serve Batiste but that, "Per Angela Gamez (receptionist)[,] Ayanal Batiste no longer is employed w[ith] [the] Texas Parole Board. [Unable to locate] with the information provided." ECF No. 4. A copy of the return of service was mailed to Bonner at the address he provided to the Clerk of Court. *See* Docket R., ECF No. 4.

On December 12, 2022, instead of providing additional information on where to serve Batiste, Bonner filed a motion to "serve the Defendants by and through the U.S. Department [o]f Justice,[]Marshals Service, pursuant to 'Form USM-285[.]'" ECF No. 10. The motion provided no information on where to serve Batiste. *Id.* The court denied the motion. ECF No. 11. On January 9, 2023, Bonner filed a motion to reconsider the denial of his previous motion to serve the defendants but again failed to provide any information on where to serve Batiste. ECF No. 14. The court denied the motion to reconsider. ECF No. 16.

The Texas Board of Pardons and Paroles filed a motion to dismiss on December 1, 2022. ECF No. 8. Bonner's response was due on December 22, 2022. Bonner did not respond. The court realized Bonner's failure to respond and granted an extension of the deadline *sua sponte*. ECF No. 18. The court ordered that Bonner's response be placed in the mail by January 31, 2023. *Id.* The court mailed Bonner a copy of its order and attached the Texas Board of Pardons and Paroles' motion to dismiss. ECF No. 18-1. Bonner did not respond.

The court held scheduling conferences on December 15, 2022, and January 12, 2023. Bonner did not appear for either conference. At the December 2022 conference, the court noted that Bonner had not communicated with the court and did not provide his contact information in his pleadings. *See* Dec. 15, 2022 Hr'g

2

Audio Rec'g. The court further noted that Bonner had not done much in the case and reset the hearing to await any developments from Bonner. *Id.* Bonner again did not appear at the January 2023 hearing. During the hearing, counsel for the Texas Bord of Pardons and Paroles advised the court that Bonner had communicated with her but refused to participate in the mandatory conference under Federal Rule of Civil Procedure 26. *See* Jan. 12, 2023 Hr'g Audio Rec'g. The court reset the conference to await any developments from Bonner. *Id.* The court and defendants have waited over seven months for Bonner to act on his case, but Bonner has done nothing since he filed his motion to reconsider on January 9, 2023.

### 2. *Analysis*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" which requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was

prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### A. Clear Record of Delay

Despite the U.S. Marshal Service's statement that the information provided in his complaint was insufficient to locate Batiste, Bonner failed to provide additional information on where to serve Batiste. ECF Nos. 10, 14. As such, Bonner has not meaningfully pursued service upon Batiste. Despite the court's *sua sponte* extension of Bonner's response deadline, Bonner did not respond to the motion to dismiss. ECF No. 18; Docket R. Bonner also failed to appear for two status conferences and has generally failed to communicate with the court. *See* Docket R. The docket report shows no activity from Bonner in over seven months. *Id.* These facts show a clear record of delay caused by Bonner's own failure to prosecute his case. Bonner appears to have abandoned his case.

### B. Futility of Lesser Sanctions

Bonner failed to provide the information necessary to serve Batiste. ECF Nos. 10, 14. Despite an extension of the deadline, Bonner failed to respond to the motion to dismiss. *See* Docket R. Despite multiple settings, Bonner failed to communicate with the court and attend scheduling conferences. *See id.* The court's efforts to induce Bonner's participation in this lawsuit have been futile. The court finds that other forms of sanctions would be futile. For example, the court is not convinced that monetary sanctions would have any effect, considering Bonner's pro se and in forma pauperis status.

### C. Aggravating Factors

Bonner's actions also establish aggravating factors. Because Bonner is a pro se litigant, the delay is his fault alone. The court has reset conferences and extended deadlines. *See* Docket R; ECF No. 18. The court has even mailed Bonner a copy of the motion to

4

dismiss. ECF No. 18-1. Yet Bonner took no action. Bonner's conduct cannot be characterized as anything but intentional.

### 3. *Conclusion*

Given the clear record of delay, the proven futility of other sanctions, and the aggravating factors, the court recommends that all claims against Batiste be **DISMISSED WITH PREJUDICE** in accordance with Federal Rule of Civil Procedure 41(b).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 14, 2023.

_____
Peter Bray
United States Magistrate Judge